IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FERNANDO GRADY HORTON #361-630
    Petitioner

    v.     :    CIVIL ACTION NO. WDQ-11-3688

FRANK B. BISHOP, JR., et al.
    Respondents

**<u>MEMORANDUM</u>**

On December 21, 2011, Petitioner Fernando Grady Horton filed this 28 U.S.C. § 2254 habeas corpus application, attacking his convictions for attempted first degree murder and related offenses. Respondents have filed a limited answer to the Petition (ECF No. 4), making this case ready for dispositive review. After examining these papers, the Court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts; see also* 28 U.S.C. § 2254(e)(2). For the reasons that follow, the Petition will be denied without prejudice as unexhausted.

Procedural History

On January 15, 2010, a jury sitting in the Circuit Court for Baltimore City found Horton guilty of attempted first degree murder, attempted second degree murder, first degree assault, use of a handgun, possession of a handgun, reckless discharge of a handgun on a public street, and possession of a regulated firearm. ECF No. 4, Exhibits 1-4. On March 1, 2010, he was sentenced to life plus a consecutive 25 years of incarceration. *Id.* On appeal, Horton, through counsel, complained of: (1) error by the administrative judge who failed to follow the dictates of Maryland Rule 4-215[1] after Horton stated that he wanted to proceed without a lawyer; (2) error by the administrative judge in finding good cause for postponement beyond the 180-day *Hicks*

---

[1] Maryland Rule 4-215 governs the procedures by which criminal defendants may waive counsel.

deadline;[2] and (3) insufficiency of the evidence. *Id.*, Exhibit 2 at 2 and Exhibits 3-4.

On August 18, 2011, the Court of Special Appeals of Maryland affirmed Horton's convictions. *Id.*, Exhibit 4. Further review was denied by the Court of Appeals of Maryland on November 21, 2011. *Id.*, Exhibit 5. Horton has not sought state post-conviction relief.

Horton seeks relief here, alleging that the trial court (1) denied his constitutional right to represent himself and (2) violated his right to a speedy trial. ECF No. 1 at 8.

Analysis

When filing a federal habeas corpus application under 28 U.S.C. § 2254, a petitioner must show that all of his claims have been presented to the state courts. *See* 28 U.S.C. § 2254(b) and (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it. For a person convicted of a criminal offense in Maryland this may be accomplished either on direct appeal or in post-conviction proceedings. To exhaust a claim through post-conviction proceedings, it must be raised in a petition filed in the Circuit Court and in an application for leave to appeal to the Court of Special Appeals. *See* Md. Ann. Code, Crim. Proc. § 7-109. If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. *See* Md. Code Ann., Cts. & Jud. Proc., §12-202. If, however, the application is granted but relief on the merits of the claim is denied, the petitioner must seek certiorari to the Court of Appeals. *See Williams v. State*, 438 A. 2d 1301, 1305-06 (Md. 1981).

The claims Horton presented on direct appeal concerned state law and procedure, which

---

[2] In *State v. Hicks*, 403 A.2d 356 (Md. 1979), the Court of Appeals of Maryland examined provisions of Maryland's rule setting time limits within which a defendant must be brought to trial. These provisions currently are set out in Maryland Rule 4-271. The constitutionality of Maryland Rule 4-271 is outside the scope of federal habeas corpus review. The undersigned notes, however, that the Rule does not present an absolute deadline for the commencement of trial.

are not subject to federal habeas corpus review. *See Rose v. Hodges*, 423 U.S. 19, 21-22 (1975) (per curiam); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). The claims he seeks to adjudicate here are based on constitutional precepts that have not been presented to the state courts; thus, they are unexhausted. Because Horton has not exhausted his claims, his Petition shall be dismissed without prejudice as unexhausted, to allow him to refile this case after completion of state remedies.

Horton is advised that the Antiterrorism and Effective Death Penalty Act of 1996 amended 28 U.S.C. § 2244 to impose a one-year filing deadline on state prisoners filing applications for a writ of habeas corpus in federal court.[3] Should he wish to refile this Petition once he has exhausted his available state court remedies, Horton should take care not to miss this deadline.

---

[3] Subsection (d) of 28 U.S.C. § 2244 provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

A habeas petitioner has no absolute right to appeal a district court's denial of his motion. *See* 28 U.S.C. § 2253(c)(1). A certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253 (c)(2). When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid clam of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel*, 529 U.S. 473, 484 (2000)). The Court will not issue a COA because Petitioner has not made the requisite showing.

A separate order follows.

_4/18/12_
Date

William D. Quarles, Jr.
United States District Judge